UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TRINITY PRINT & MEDIA, INC.,     Case No. 8:23-cv-00449-MSS-JSS
A Florida corporation, VIBEY, COM, LLC,
a Florida limited liability company, and
TURTLE MEDIA GROUP, LLC,
a Florida limited liability company.

       Plaintiffs,

v.

ROMAN ROMANYUK, an adult
individual, MIRZA POLOVINA, an adult
individual, RUCKUS VENTURES LLC,
a Washington limited liability company,
and PREZNA LLC, a Washington
limited liability company,

       Defendants.
_____/

## RESPONSE TO STATEMENT OF NON-OPPOSITION

Defendants, ROMAN ROMANYUK, and RUCKUS VENTURES LLC (hereinafter "Defendants"), by and through their undersigned counsel, hereby file this their Response to Plaintiffs', TRINITY PRINT & MEDIA, INC., VIBEY, COM, LLC and TURTLE MEDIA GROUP, LLC (hereinafter "Plaintiffs"), Statement of Non-Opposition (Doc. 21) and state:

1.     Plaintiffs either misunderstand or are misconstruing the Local Rules of the United States District Court for the Middle District of Florida.

2. Local Rule 6.02(c) specifically addresses Motions for Preliminary Injunctions. It provides as follows:

(c) **Response.** A party opposing the motion must respond to the motion within seven days after notice of the motion or **seven days before the hearing, whichever is later**. (Emphasis added.)

3. No hearing has been scheduled on Plaintiffs' Motion for Preliminary Injunction (Doc. 13).

4. Defendants have recently retained the undersigned and GrayRobinson, P.A. to represent them in this matter.

5. Defense counsel is investigating the facts, as well as the applicable law, to prepare a proper response to Plaintiffs' Motion for Preliminary Injunction.

6. The Motion for Preliminary Injunction is 1,512 pages in length and, preliminary investigation has revealed, it is primarily grounded upon false statements by Noam Poupko.

7. Defendants will file their opposition, including legal memoranda and each paper upon which Defendants rely, at least seven days before the hearing on the Motion for Preliminary Injunction pursuant to Local Rule 6.02(c).

8. Plaintiffs' reliance upon Local Rule 3.01 is misplaced in asking this Court to "deem" the Motion for Preliminary Injunction "unopposed."

9. As Judge Jung previously ruled in this case (Doc 12):

Generally, in order for a preliminary injunction to issue, "the nonmoving party must have notice and an opportunity to present its opposition to the injunction." *Four Seasons Hotels & Resorts, B.V. v. Consorcio Barr, S.A.*, 320 F.3d 1205, 1210 (11th Cir. 2003). The purpose of the notice requirement in Rule 65(a)(1), Federal Rules of Civil Procedure, is to ensure that

"where factual disputes are presented, the parties must be given a fair opportunity and a meaningful hearing to present their differing versions of those facts before a preliminary injunction may be granted." *Kaepa, Inc. v. Achilles Corp.*, 76 F.3d 624, 628 (5th Cir.1996).

10. Defendants "must be given a fair opportunity and a meaningful hearing to present … [their] facts…."

Dated: March 26, 2023

/s/ Robert E. Johnson
Robert E. Johnson, Esq., Lead Counsel
Florida Bar No.: 342955
Michael J. Colitz, III, Esq.
Florida Bar No. 164348
Emily M. Heim, Esq.
Florida Bar No. 1015867
GrayRobinson, P.A.
401 East Jackson Street, Suite 2700
Tampa, FL 33602
Telephone: (813) 273-5000
Facsimile: (813) 273-5145
Primary Email:
robert.johnson@gray-robinson.com
Secondary Email:
deborah.cook@gray-robinson.com
*Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 26th day of March, 2023, a true and correct copy of the foregoing has been filed with the Clerk of the Court and furnished via CM/ECF to:

Robert K. Tucker II
Gordon Rees Scully Mansukhani LLP
100 S. Ashley Drive
Tampa, FL 33602
rtucker@grsm.com

Bart R. Valdes
DSK Law Group
609 West Horatio Street
Tampa, FL 33606
bvaldes@dsklawgroup.com

/s/ Robert E. Johnson

#49880136 v1