## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

TRINITY PRINT & MEDIA, INC., a
Florida corporation, VIBEY.COM, LLC, a
Florida limited liability company, and
TURTLE MEDIA GROUP, LLC, a
Florida limited liability company,

      Plaintiffs,

v.

ROMAN ROMANYUK, an adult
individual, MIRZA POLOVINA, an adult
individual, RUCKUS VENTURES LLC, a
Washington limited liability company, and
PREZNA LLC, a Washington limited
liability company,

      Defendants.

CASE NO.: 8:23-cv-00449-MSS-JSS

_____/

### PLAINTIFFS' MOTION TO COMPEL DEFENDANTS' PRODUCTION OF DOCUMENTS AND INCORPORATED MEMORANDUM OF LAW

Pursuant to Federal Rule of Civil Procedure 37(a)(1), (2), (3)(B)(iv), and 37(a)(5)(A) and the Court's Discovery Handbook, Plaintiffs, Trinity Print & Media, Inc., Vibey.com, LLC, and Turtle Media Group, LLC (collectively, "Plaintiffs"), by counsel, hereby move to compel Defendants, Roman Romanyuk ("Romanyuk"), Mirza Polovina ("Polovina"), Ruckus Ventures LLC ("Ruckus"), and Prezna LLC ("Prezna") (collectively, "Defendants") to produce complete responses to Request Nos. 1, 13, 14, and 15 of Plaintiffs' Request for Production of Documents. As

explained below, despite restrictive covenants, straightforward discovery requests, and repeated meet and confers, Defendants have refused to produce discovery about the communication and activities of several media buyers working for Defendant Prezna. Defendants have simply elected to not produce discovery that supports their liability and Plaintiffs' damages.

## I.   INTRODUCTION

This case arises from Defendants Romanyuk's and Polovina's September 2022 sale of two digital media companies—Vibey and Turtle Media (the "Companies")—to Plaintiff Trinity.  To induce Trinity to enter into the transaction, Romanyuk agreed to two restrictive covenants: (i) a covenant not to use the Companies' articles and media content and (ii) a covenant not to solicit or work with the Companies' media buyers identified in the transaction documents as Exhibit A.  After the sale, Plaintiffs were shocked to learn that Romanyuk, with participation of the other Defendants, was breaching the covenants by (i) working with the Companies' media buyers through Defendant Prezna and (ii) using the Companies' media content on Defendants' Funnyand.com website.  Defendants are now impeding Plaintiffs' ability to prosecute this action by withholding documents about Defendants' communications with the media buyers and their day-to-day activities with Prezna.  Because repeated meet and confer attempts have been unsuccessful, Plaintiffs must move to compel.

## II.   FACTUAL BACKGROUND

Vibey and Turtle Media own and operate content websites designed to generate advertising revenue.  Vibey owns and operates the website Worldlifestyle.com.  Turtle

Media owns and operates the website Lifebuzz.com. To drive traffic (*i.e.*, send people) to their websites, the Companies use native advertising by which they pay to post articles on third party websites. When viewers click on the articles on third party websites, they are directed to the Companies' websites. The websites then display advertising, which generates revenue for the Companies. The success of the Companies' business is largely dependent upon the skills of experienced media buyers who place the native advertisements through native advertising platforms like Taboola and Outbrain.

On September 23, 2022, Trinity executed two membership purchase agreements by which it purchased the Companies from Romanyuk and Polovina for a total of Three Million Dollars. *See* Exhibit 1. In negotiating the sale of the Companies, Trinity was aware that Romanyuk and Polovina were running another company called Ruckus that operates a digital content site called Funnyand.com and likewise that Romanyuk and Polovina were likewise running a media buying agency called Prezna that provides media buying services to third parties. Trinity therefore wanted assurances that it would exclusively own the content it was purchasing, that the media buyers who had been serving Worldlifestyle.com and Lifebuzz.com would continue to do so, and that Romanyuk, Polovina, and Prezna would not use the same media buyers and the same content to compete with the Companies after the sale.

To give these assurances and induce Trinity to do the deal, Romanyuk agreed to covenants stating that he and his affiliates would not work with the same media buyers or use the same media content they were selling to Trinity. Specifically,

Romanyuk agreed to a three (3) year covenant that prohibits him from, directly or indirectly through third parties, working with the media buyers engaged by the Companies, including but not limited to the 20+ media buyers listed in Exhibit A of the agreements. *See* Exhibit 1. Romanyuk also agreed to a one (1) year covenant that prohibits him, directly or indirectly through third parties, from using the Companies' media content or any derivations of the Companies' media content.

Immediately after the sale, the traffic to Worldlifestyle.com suddenly and drastically declined. Plaintiffs then came to learn that Romanyuk and the other Defendants were violating the restrictive covenants. Contrary to the restrictive covenant, Romanyuk and the other Defendants have been using the Company's media content on Funnyand.com. Contrary to the restrictive covenant, Romanyuk and the other Defendants have been using the Company's media buyers as independent contractors to Prezna. Paritosh Singh and Mahir Polovina, two of the media buyers, identified that they worked for Prezna on LinkedIn. Yuri Mantsvetov, another media buyer, has been working as "Director of Media Buying" for Prezna. Defendants hired several other media buyers, known as the "Apple Team," to work for Prezna. None of this was supposed to happen.

With Defendants' complete disregard for the covenants, it is as if Plaintiffs have been competing with themselves. Defendants' breach and tortious conduct have caused substantial harm to the Companies' business operations, business relationships, and revenue. Since the September 2022 transaction, the Companies have consistently operated at a loss.

## III. STATEMENT OF BASIS FOR REQUEST

On March 1, 2023, Plaintiffs filed this action asserting claims for breach of contract, tortious interference, trade secret misappropriation, and fraud. *See* Dkt. No. 1. Plaintiffs initially filed a motion for preliminary injunction seeking to enjoin Defendants from violating the Covenants. *See* Dkt. No. 13. Defendants responded by filing declarations from Romanyuk and media buyers Mahir Polivina and Paritosh Singh denying that Defendants were working with the media buyers. *See* Dkt Nos. 26-1, 26-2, and 26-3. Given the factual issues presented by the declarations, Plaintiffs withdrew the injunction motion to pursue discovery. *See* Dkt. Nos. 32, 33.

On May 15, 2023, Plaintiffs served their First Request for Production of Documents on Defendants. *See* Exhibit 2. Request No. 1 sought all communications between Defendants and any of the media buyers listed on Exhibit A. *See id.* at pp. 6, 8. Request Nos. 13, 14, and 15 separately sought all communications with media buyers Yuri Mantsvetov, Paritosh Singh, and Mahir Polovina, although such communications would likewise be responsive to Request No 1. *See id.* at p. 9.

After the Court extended the time for Defendants' response to July 5, 2023 (Dkt. No. 40), Defendants served written responses to Plaintiffs' First Request for Production of Documents. *See* Exhibit 3. With Request No. 1, Defendants asserted no objections and instead stated that Defendants would produce responsive documents at a later time:

> 1.     All Communications between any of the Defendants and any of the Subject Media Buyers between June 1, 2022 to present.

**RESPONSE:** Documents responsive to this Request which are in Defendants' possession and presently available will be produced at a time and place mutually convenient to the parties.

By contrast, with Request Nos. 13, 14, and 15, Defendants objected that responsive documents constitute "confidential and/or proprietary business information" and therefore refused to produce communications about the media buyers' work with and for Defendants, including Prezna:

13. All Communications between any of the Defendants and Mantsvetov from June 1, 2022 to present.

**RESPONSE:** Objected to on the grounds that Communications between any of the Defendants and Mantsvetov from June 1, 2022 to present are not relevant to the issues in this litigation nor designed to lead to discoverable evidence. Moreover, *such information constitutes confidential and/or proprietary business information which, if shared with competitors, such as Plaintiffs, would irreparably damage Defendants' business(es).*

Without waiving the aforesaid objection, Communications that related to any business dealing between any of the Defendants and Yuri Mastszevtov [sic] for work he was performing *for Plaintiffs* which are in Defendants' possession and presently available will be produced at a time and place mutually convenient to the parties.

14. All Communications between any of the Defendants and Singh from June 1, 2022 to present.

**RESPONSE:** Objected to on the grounds that Communications between any of the Defendants and Singh from June 1, 2022 to present are not relevant to the issues in this litigation nor designed to lead to discoverable evidence. Moreover, *such information constitutes confidential and/or proprietary business information which, if shared with competitors, such as Plaintiffs, would irreparably damage Defendants' business(es).*

Without waiving the aforesaid objection, Communications that related to any business dealing between any of the Defendants and Singh for work he was performing *for Plaintiffs* which are in Defendants' possession and presently available will be produced at a time and place mutually convenient to the parties.

15. All Communications between any of the Defendants and Mahir Polovina from June 1, 2022 to present.

**RESPONSE:** Objected to on the grounds that Communications between any of the Defendants and Mahir Polovina from June 1, 2022 to present are not relevant to the issues in this litigation nor designed to lead to discoverable evidence. Moreover, *such information constitutes confidential and/or proprietary business information which, if shared with competitors, such as Plaintiffs, would irreparably damage Defendants' business(es).*

Without waiving the aforesaid objection, Communications that related to any business dealing between any of the Defendants and Mahir Polovina for work he was performing *for Plaintiffs* which are in Defendants' possession and presently available will be produced at a time and place mutually convenient to the parties.

*See* Exhibit 3 (emphasis added). Thereafter, on July 7, 2023, Defendants made a deficient production of documents that only included select communications with the 20+ media buyers listed on Exhibit A. Most glaringly, Defendants produced very few, if any, communications between Defendant Prezna and the media buyers about the work they have done for Prezna either before or after the transaction.

On July 18, 2023, the parties met and conferred over Zoom to discuss the deficiencies in Defendants' documents production. At the conference, Defendants' counsel initially represented that "everything was produced." However, when Plaintiffs' counsel asked about Defendants' objections to Requests Nos. 13, 14, and 15 on "confidential and/or proprietary business information" grounds, Defendants' counsel equivocated and could not explain the contradiction. The contradiction— stating that all responsive documents were produced while simultaneously stating that responsive documents are being withheld—has never been explained.

By letter sent July 26, 2023, Plaintiffs' counsel outlined the deficiencies in Defendants' document production, including the failure to produce documents about the media buyers and their communications with and work for Prezna. By letter sent

August 2, 2023, Defendants' counsel responded and represented that Defendants' document production was complete other than a single communication attached to the July 26, 2023 letter. On October 18, 2023, Plaintiffs' and Defendants' counsel discussed the discovery deficiencies in a face-to-face meeting following the parties' mediation before Retired Judge Holder. By email dated October 25, 2023, Plaintiffs' counsel again detailed the discovery deficiencies and insisted that Defendants immediately make a complete production in light of upcoming depositions and discovery deadlines. On November 1, 2023, Defendants' counsel responded to Plaintiffs' October 25, 2023 email by addressing deposition scheduling, but saying nothing about the discovery deficiency issue.

In short, Defendants are seeking to hide evidence about their communications and business activities since the September 2022 transaction. The evidence is clear that at least Yuri Mantsetov, Paritosh Singh, Mahir Polovina and the Apple Team have worked for Romanyuk's media buying agency, Defendant Prezna, since the September 2022 transaction. Indeed, Defendants essentially admitted as much by refusing to produce documents about their business activities since September 2022 on "confidential and/or proprietary business information" grounds. Defendants may have told their counsel that no responsive documents exist. But this does not make it true and it is not true.

## IV.   MEMORANDUM OF LAW

The Federal Rules of Civil Procedure provide for broad discovery. Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's

8

claim or defense and proportional to the needs of the case, considering the importance

of the issues at stake in the action, the amount in controversy, the parties' relative

access to relevant information, the parties' resources, the importance of the discovery

in resolving the issues, and whether the burden or expense of the proposed discovery

outweighs its likely benefit.  Fed. R. Civ. P. 26(b)(1).

"[A] party may move for an order compelling disclosure or discovery . . . [i]f a

party fails to make a disclosure required by Rule 26(a) . . . [or] a party fails to answer

an interrogatory submitted under Rule 33; or . . . a party fails to produce documents .

. . as requested under Rule 34." Fed. R. Civ. P. 37(a).  Further, for purposes of Rule

37 motions to compel, "an evasive or incomplete disclosure, answer, or response must

be treated as a failure to disclose, answer, or respond."  Fed. R. Civ. P. 37(a)(4). If a

motion to compel pursuant to Rule 37 "is granted—or if the disclosure or requested

discovery is provided after the motion was filed—the court must, after giving an

opportunity to be heard, require the party or deponent whose conduct necessitated the

motion, the party or attorney advising the conduct, or both to pay the movant's

reasonable expenses incurred in making the motion, including attorney's fees."  Fed.

R. Civ. P. 37(a)(5).

Defendants have not provided complete and sufficient responses to Plaintiffs'

discovery requests. Among their deficiencies, Defendants have withheld

communications with the media buyers about *any* of the work they are doing with and

for Prezna.  This is obvious since Defendants (i) have objected to Plaintiffs' discovery

requests on "confidential and/or proprietary business information" grounds, (ii) have

admitted that Prezna has employed at least Yuri Mantsetov and the Apple Team both

before and after the transaction, and (iii) have produced next to no documents about

the day to day work those media buyers have done for Prezna before or after the

transaction. Defendants are simply not producing the evidence that supports

Plaintiffs' claims.

Indeed, Yuri Mantsetov serves as "Director of Media Buying" for Prezna, all of

his daily communications with and within Prezna are responsive, and yet Defendants

have only produced some Skype conversations he had with Romanyuk. This cannot

evidence all that he has done with Prezna. Nor can Defendants' production evidence

all that Paritosh Singh, Mahir Polovina, Faruk Kunduklijan, and the Apple Team have

done with Prezna. Defendants' counsel has represented that Defendants have made a

full production, but it appears Defendants' counsel is simply repeating what

Defendants have told them. In all events, the representation is false.

Together with granting the motion to compel, the Court should order

Defendants to pay to Plaintiffs their reasonable expenses incurred in making this

motion pursuant to Rule 37(a)(5). *See, e.g., Hyperponic, LLC v. Carroll*, No. 8:18-cv-1992-

T-30AAS, 2019 WL 763804, at *2 (M.D. Fla. Feb. 21, 2019) (granting award of

reasonable expenses including attorney's fees and costs where court granted motion to

compel); *Bank of Mongolia v. M & P Global Financial Serv., Inc.*, 258 F.R.D. 514, 522

(S.D. Fla. 2009) (awarding expenses under Rule 37 for discovery failures); *see also*

*Kipperman v. Onex Corp.*, 260 F.R.D. 682, 686 (N.D. Ga. 2009) (ordering sanctions

where defendants "certifi[ed] that they had provided all they could," but the

certification was false, and the plaintiffs were forced to move to compel).

## V.    CONCISE STATEMENT OF RELIEF REQUESTED

For the reasons stated above, Plaintiffs respectfully request that this Court enter an Order directing Defendants to provide, within ten (10) days, all documents responsive to Plaintiffs' Document Request Nos. 1, 13, 14, and 15.  Given the issues to date, the Court should further order Defendants' counsel to provide a certification, attesting that they were materially and meaningfully involved in the search and collection of responsive documents and identifying all actions taken in connection with the search and collection. Further, the Court should award Defendants their reasonable fees and costs in pursuing this Motion pursuant to Fed. R. Civ. P. 37(a)(5).

### Local Rule 3.01(g) Certification

In accordance with Local Rule 3.01(g), Plaintiffs' counsel certifies that Plaintiffs' counsel conferred in good faith with Defendants' counsel in seeking the relief sought by  this motion, including at the parties' July 18, 2023 Zoom conference, in follow up July 26, 2023 correspondence, at the parties' October 18, 2023 mediation, and in a follow up October 25, 2023 email.  Defendants do not consent to the relief requested herein.

Dated: November 4, 2023              Respectfully Submitted:

*/s/ Clair E. Wischusen*
Robert K. Tucker II
Florida Bar No. 51641
**GORDON REES SCULLY
MANSUKHANI, LLP**
100 S. Ashley Drive
Suite 1290

Tampa, FL 33131
Tel: (813) 444-9700
Email: rtucker@grsm.com

Damon W.D. Wright (*pro hac vice*)
Clair E. Wischusen (*pro hac vice*)
**GORDON REES SCULLY
MANSUKHANI, LLP**
277 S. Washington St., Suite 550
Alexandria, VA 22314
Tel: (202) 399-1009
Email: dwright@grsm.com
cwischusen@grsm.com

Bart R. Valdes
DSK Law Group
609 West Horatio Street
Tampa, FL 33606
Tel: (813) 251-5825
bvaldes@dsklawgroup.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I, the undersigned, HEREBY CERTIFY that on this 4th day of November 2023, a true and correct copy of the foregoing has been filed with the Clerk of the Court and furnished via CM/ECF to:

> Robert E. Johnson
> Michael J. Colitz, III
> Emily M. Heim
> GrayRobinson, P.A.
> 401 East Jackson Street, Suite 2700
> Tampa, FL 33602
> robert.johnson@gray-robinson.com
> michael.colitz@gray-robinson.com
> Emily-heim@gray-robinson.com

> /s/ *Clair E. Wischusen*
> Clair E. Wischusen