**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA**

TRINITY PRINT & MEDIA, INC., et al.,

    Plaintiffs,

v.

ROMAN ROMANYUK, et al.,        CASE NO.: 8:23-cv-00449-MSS-JSS

    Defendants.

_____/

**PLAINTIFFS' MOTION TO MODIFY CASE MANAGEMENT
AND SCHEDULING ORDER AND EXTEND PRETRIAL DEADLINES**

    Plaintiffs, Trinity Print & Media, Inc., Vibey.com, LLC, and Turtle Media Group, LLC (collectively, "Plaintiffs"), by counsel, hereby move to modify the existing Case Management and Scheduling Order [Dkt. # 35] and extend the expert disclosure, discovery, dispositive motion, and Daubert motion deadlines by approximately 45 days.  Defendants do not oppose extending the expert disclosure, dispositive motion, and Daubert motion deadlines by approximately 45 days; however, Defendants do oppose extending the discovery deadline.  As set forth below, good cause exists to extend the expert disclosure, discovery, dispositive motion, and Daubert motion deadlines by approximately 45 days  due to Plaintiffs' diligence, difficulties scheduling Defendants' depositions, and the pendency of Plaintiffs' Motion to Compel [Dkt. # 44].

## **STATEMENT OF BASIS FOR RELIEF**

1. This case arises from Defendant Romanyuk's sale of two digital media companies to Plaintiff Trinity. In connection with the sale, Romanyuk agreed: (i) not to use the companies' media content; and (ii) not to solicit or work with the companies' media buyers. The Complaint alleges, and discovery has revealed, that Defendants breached the covenants including by hiring certain media buyers to support Defendant Prezna.

2. On May 5, 2023, the Court entered its Case Management and Scheduling Order [Dkt # 35], which established the following remaining deadlines for this case:

   a. Deadline for serving expert disclosures under Rule 26(a)(2), including any report required by Rule 26(a)(2)(B):

      i. Plaintiff - December 15, 2023

      ii. Defendant – January 15, 2024

      iii. Rebuttal – February 14, 2024

   b. Discovery Deadline – February 14, 2024.

   c. Dispositive Motions, *Daubert*, and *Markman* Motions – March 14, 2024.

   d. Meeting In Person to Prepare Joint Final Pretrial Statement – July 1, 2024.

   e. Joint Final Pretrial Statement – July 11, 2024

   f. All Other Motions Including Motions *In Limine* – July 22, 2024

   g. Trial Briefs – July 29, 2024

2

        h.    Trial – September 2, 2024

3. Since the Court entered the Case Management and Scheduling Order, Plaintiffs have diligently pursued discovery, including exchanging multiple rounds of written discovery with Defendants and serving subpoenas on third parties. On November 4, 2023, Plaintiffs filed a Motion to Compel production of documents [Dkt. # 44] because Defendants have not produced documents regarding the day-to-day communications of several media buyers working for Defendant Prezna.

4. Plaintiffs have also diligently pursued the scheduling of depositions. At the end of the parties' October 18, 2023 mediation, Plaintiffs requested that Defendants provide their availability for depositions the week of November 13, 2023. Plaintiffs' counsel followed up the following day, and Defendants' counsel responded that Defendants were only available for deposition October 30-31, 2023, which did not work for Plaintiffs' counsel due to family commitments over the Halloween holiday. On October 25, 2023, Plaintiffs' counsel requested that Defendants provide their availability for deposition the week of November 6, 2023. Defendants then responded that they were not available for deposition any time in November and instead not until mid-December. Plaintiffs have since noticed Defendants' depositions for the week of December 18, 2023.

5. On November 15, 2023, the Court ordered a hearing on Plaintiffs' Motion to Compel [Dkt. # 48], which is scheduled for December 7, 2023 at 2:00 p.m. [Dkt. # 49].

6. In light of the above, including the difficulty scheduling Defendants'

depositions, Plaintiffs' Motion to Compel, the upcoming December 15, 2023 expert disclosure deadline, and the upcoming February 14, 2023 discovery deadline, Plaintiffs request that this Court extend the expert disclosure, discovery, dispositive motion, and Daubert motion deadlines by approximately 45 days. This extension is necessary so that Plaintiffs can depose Defendants in sufficient time before their expert reports are due and so that the parties can have sufficient time to complete discovery.

7. Plaintiffs' counsel conferred with Defendants' counsel regarding this Motion, and Defendants' counsel has conveyed that Defendants do not oppose the requested relief, except for extension of the February 14, 2023 discovery deadline.

8. Plaintiffs submit that good cause exists to grant the requested extension and that no party will be prejudiced by the granting of the relief sought especially since Plaintiffs are not moving to continue the August 2023 trial term.

## MEMORANDUM OF LAW

"Inherent in the Court's authority is the power of the Court to manage its affairs so as to achieve the orderly and expeditious disposition of its cases." *Parkervision, Inc. v. Apple Inc.*, 2020 WL 13388253, *1 (M.D. Fla. Apr. 30, 2020) (citing *Wieckiewicz v. Edu. Credit Mgmt. Corp.*, 443 F. App'x 449, 450 (11th Cir. 2011)); *see also Johnson v. Bd. of Regents of Univ. of Georgia*, 263 F.3d 1234, 1269 (11th Cir. 2011) ("[W]e accord district courts broad discretion over the management of pre-trial activities, including discovery and scheduling."). This includes the Court's ability "to extend or modify deadlines within a case management order to enlarge the discovery period," upon a showing of good cause. *Gadsby v. Am. Golf Corp. of California*, 2012 WL 2368568, at *1 (M.D. Fla.

4

June 21, 2012); Fed. R. Civ. P. 16(b)(4).  Good cause requires a showing that "the schedule cannot 'be met despite the diligence of the party seeking the extension.'" *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (quoting Fed. R. Civ. P. Advisory Committee's Note).

Good cause exists here to extend the in light of Plaintiffs' diligence, the difficulties in scheduling Defendants' depositions, and the issues raised by Plaintiffs' Motion to Compel.  The requested extension provides sufficient time for the Court to decide Plaintiffs' Motion to Compel, for Plaintiffs to conduct depositions before Plaintiffs' expert report is due, and to complete remaining fact and expert discovery.  Accordingly, Plaintiffs respectfully request that the Court extend the expert disclosure, discovery, dispositive motion, and Daubert motion deadlines by approximately 45 days.  As noted above and more fully below, Defendants do not oppose the requested extensions except with respect to the requested extension of the discovery deadline.  This is the first request for an extension of the case management deadlines.

## CONCISE STATEMENT OF RELIEF REQUESTED

For the reasons stated above, Plaintiffs respectfully request that the Court grant this Motion and modify the existing Case Management and Scheduling Order to extend the following pre-trial deadlines approximately 45 days as follows:

    a.    Deadline for serving expert disclosures under Rule 26(a)(2), including any report required by Rule 26(a)(2)(B):

        i.    Plaintiff – January 30, 2024

        ii.    Defendant – March 1, 2024

    iii. Rebuttal – April 1, 2024

  b. Discovery Deadline – April 1, 2024.

  c. Dispositive Motions, *Daubert*, and *Markman* Motions – April 30, 2024.

## Local Rule 3.01(g) Certification

  Defendants' counsel has conveyed that Defendants do not oppose extending the expert disclosure, dispositive motion and Daubert motion deadlines by approximately 45 days; however, Defendants do oppose extending the discovery deadline. After leaving messages on November 8, 2023 and November 9, 2023, and an email on November 10, 2023, Plaintiffs' counsel was finally able to confer with Defendants' counsel regarding the relief requested in this motion on a November 14, 2023 call. However, Defendants' counsel did not provide an answer on the call, stating he still needed to speak with Defendants. Plaintiffs' counsel sent a follow up email on November 15, 2023, at which point Defendants' counsel stated they would not agree to extend any deadlines. After Plaintiffs' counsel sent another email on November 15, 2023, Defendants agreed to an approximately 45 day extension of the expert disclosure, dispositive motion, and Daubert motion deadlines.

Dated: November 20, 2023    Respectfully Submitted:

                */s/ Damon W.D. Wright*
                Robert K. Tucker II
                Florida Bar No. 51641
                **GORDON REES SCULLY MANSUKHANI, LLP**

100 S. Ashley Drive
Suite 1290
Tampa, FL 33131
Tel: (813) 444-9700
Email: rtucker@grsm.com

Damon W.D. Wright (*pro hac vice*)
Clair E. Wischusen (*pro hac vice*)
**GORDON REES SCULLY MANSUKHANI, LLP**
277 S. Washington St., Suite 550
Alexandria, VA 22314
Tel: (202) 399-1009
Email: dwright@grsm.com
cwischusen@grsm.com

Bart R. Valdes
DSK Law Group
609 West Horatio Street
Tampa, FL 33606
Tel: (813) 251-5825
bvaldes@dsklawgroup.com

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I, the undersigned, HEREBY CERTIFY that on this 20th day of November 2023, a true and correct copy of the foregoing Motion has been filed with the Clerk of the Court and furnished via CM/ECF to:

>Robert E. Johnson
>Michael J. Colitz, III
>Emily M. Heim
>GrayRobinson, P.A.
>101 East Kennedy Blvd.
>Suite 4000
>Tampa, FL 33602
>robert.johnson@gray-robinson.com
>michael.colitz@gray-robinson.com
>emily-heim@gray-robinson.com

>>/s/ *Damon W.D. Wright*
>>Damon W.D. Wright