## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

TRINITY PRINT & MEDIA, INC.,
A Florida corporation, VIBEY.COM,
LLC, a Florida limited liability company,
and TURTLE MEDIA GROUP, LLC,
a Florida limited liability company.

Plaintiffs,

Case No. 8:23-cv-00449-MSS-JSS

v.

ROMAN ROMANYUK, an adult
individual, MIRZA POLOVINA, an adult
individual, RUCKUS VENTURES LLC,
a Washington limited liability company,
and PREZNA LLC, a Washington
limited liability company,

    Defendants.
_____/

## DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO MODIFY CASE MANAGEMENT SCHEDULING ORDER AND EXTEND PRETRIAL DEADLINES

Defendants, Roman Romanyuk ("Roman"), Mirza Polovina ("Mirza"), Ruckus Ventures LLC ("Ruckus"), and Prezna LLC ("Prezna") (collectively "Defendants"), by and through undersigned counsel, submit this response in Opposition to Plaintiffs', Trinity Print & Media, Inc. ("Trinity"), Vibey.com, LLC ("Vibey"), and Turtle Media Group, LLC ("Turtle") (collectively "Plaintiffs"), Motion to Modify Case Management and Scheduling Order and Extend Pretrial Deadlines.  (Doc 50) ("Motion"). Defendants only objection is to extending the

--2--

discovery deadline by 45 days. In support of this Opposition, Defendants state as follows:

## SUMMARY OF ARGUMENT

Defendants have complied with all aspects of the Agreements, including any restrictive covenants. Prior to the transaction, Plaintiffs were fully aware that Defendants owned and operated competing businesses, such as Ruckus, and likewise operated competing websites, such as FunnyAnd.com. It was for this reason that non-compete provisions were specifically excluded from the Agreements. Months of discovery have shown legitimate competition by Defendants and gross mismanagement by the Plaintiffs. There has been no evidence showing that Defendants have violated the restrictive covenants.

Moving the discovery deadline from February 14, 2023, to April 1, 2024, to allow Plaintiffs to search for some unknown evidence is unwarranted and prejudicial. Discovery has been open for over 7 months with 3 months remaining. Plaintiffs have received over 5,500 pages of documents from Defendants and/or third parties. **Plaintiffs have yet to take a single deposition.** After sitting on their hands for months, Plaintiffs cannot show the diligence or good cause required to extend the discovery deadline.

**PROCEDURAL HISTORY**

Plaintiffs initially filed a Motion for Temporary Restraining Order and Preliminary Injunction without notice. (Doc. 2.) That Motion was denied on March 2, 2023. (Doc. 12.) After the denial, Plaintiffs filed a Motion for Preliminary Injunction with notice. (Doc. 13.) Plaintiffs then filed a Statement of Non-Opposition to the Motion for Preliminary Injunction mistakenly misinterpreting the Local Rules. (Doc. 21.) When Defendants advised that Court that either the Plaintiffs misunderstood or were misconstruing the Local Rules, the Plaintiffs withdrew their Statement of Non-Opposition. (Doc. 23.)

Plaintiffs' Motion for Preliminary Injunction heavily relied upon the Declaration of Noam Poupko. (Doc 14-1.) The Poupko Declaration, however, was riddled with false, misleading, and unsupported allegations. These allegations were aimed at deflecting blame from Poupko's poor performance in running the companies purchased by way of the Agreements. Poupko, for example, fundamentally changed several aspects of the businesses and ignored several best practices recommended by Defendants. All of this resulted in the substantially weaker financial performance referenced in Plaintiffs' Motion for Preliminary Injunction.

Plaintiffs also alleged in the Motion for Preliminary Injunction that media buyers Mahir Polovina ("Mahir") and Paritosh Singh ("Singh") were working with the Defendants in violation of the restrictive covenants. (Doc 14 at p. 12.) Yet, for

this allegation, Plaintiffs offered only the outdated LinkedIn profiles of Mahir and Singh. (Doc 14 at p. 12.) This allegation was flatly contradicted by the Declarations of Romanyuk, Mahir, and Singh. (Docs 26-1, 26-2, and 26-3.) Namely, Romanyuk unequivocally stated that neither Mahir nor Singh worked as media buyers for the Defendants and that they had not been recruited to do so. (Doc 26-1 at ¶¶ 52-56.) Mahir corroborated this by stating he has not worked as a media buyer for any of the Defendants since the execution of the Agreements and had not been recruited to do so. (Doc 26-2 at ¶¶ 6-8.) Singh likewise stated that he has not worked as a media buyer for any of the Defendants since the execution of the Agreements and had not been recruited to do so. (Doc 26-3 at ¶¶ 5-7.)

The entirety of Plaintiffs' claim with respect to Mahir and Singh was based upon outdated LinkedIn profiles. (Doc 26-2 at ¶¶ 14-15; Doc 26-3 at ¶¶ 12-13.) Mahir and Singh updated their LinkedIn profiles to reflect their employment as media buyers for Worldlifestyle.com and their *past* employment with Prezna. Given that Mahir and Singh worked for the Plaintiffs at the time Plaintiffs' Motion for Preliminary Injunction was filed, the failure to confirm this assertion, which was critical to Plaintiffs' Motion, is breathtaking. Had Plaintiffs made any effort to substantiate this claim, it would not have been presented to the Court.

On March 29, 2023, the Court entered an Order setting Plaintiffs' Motion for Preliminary Injunction for a hearing on April 26, 202.3 (Doc. 25.)  On April 12, 2023, Defendants filed their Memorandum of Law in Opposition to Plaintiffs'

Motion for Preliminary Injunction. (Doc. 29.) Realizing that they had no evidence to support of their request for injunctive relief, Plaintiffs moved to continue the temporary injunction hearing. (Doc 32.) On April 21, 2023, the Court granted the Motion to Continue and asked the parties to reschedule the matter. (Doc 33.) Lacking any evidence to support their Motion for Preliminary Injunction, Plaintiffs never sought to reschedule the hearing. The Court thereafter entered an Order on August 10, 2023, denying Plaintiffs' Motion for Preliminary Injunction for failure to reschedule the hearing. (Doc. 42). Plaintiffs' unwillingness to have their Motion for Preliminary Injunction heard by the Court only underscores the complete absence of any evidence supporting their claims.

## ARGUMENT

### A. The Defendants and Various Third Parties have Produced Thousands of Pages of Documents.

Plaintiffs have been unable to unearth any evidence in support of their claims in months of discovery, despite the issuance of numerous document requests to both the Defendants and various third parties.

In response Plaintiffs' Request for Production, Defendants produced over 3,000 pages of documents. Plaintiffs also issued third-party document subpoenas to Taboola, Inc., Mahir, and Faruk Kunduklija ("Kunduklija"). In response, Taboola, Inc. produced nearly 800 pages of documents, Mahir produced over 1,000

pages of documents, and Kunduklija produced nearly 700 pages of documents. In sum, Plaintiffs have received over 5,510 pages of responsive document.

Despite having all of these documents and having filed various unsuccessful Motions for Injunctive Relief, the **Plaintiffs have yet to take a single deposition.**

### B. Plaintiffs have not diligently pursued discovery.

It was not until October 18, 2023, that the Plaintiffs verbally asked for Defendants' depositions in the middle of November. Defendants reside in the State of Washington and Plaintiffs demanded that they travel to Tampa for their depositions.

Defendants and their counsel were unavailable during that time, but offered to be deposed in Tampa on October 30 and 31, 2023. Plaintiffs rejected that offer. The parties have since agreed to Defendants being deposed in Tampa on the following dates:

- Prezna -- December 20, 2023.
- Ruckus -- December 20, 2023.
- Roman -- December 21, 2023.
- Mirza -- December 22, 2023.

These depositions are almost 2 months before the discovery cutoff.

The other purported reason for seeking an extension is that the Plaintiffs have filed a Motion to Compel production of documents (Doc 44), which is set for hearing on December 11, 2023. As set forth in Defendants' Opposition to the

--6--

Motion to Compel (Doc 45), the Plaintiffs' Motion to Compel fails to identify with any specificity what documents are supposedly missing from the Defendants' production.

Plaintiffs are instead asking Magistrate Sneed to compel the production of some unspecified (and supposedly nefarious) communication that they claim must somehow exist. Defendants have not withheld any documents and have willingly produced all responsive documents in their possession. Despite being advised of this on numerous occasions, Plaintiffs filed their Motion to Compel.

It is axiomatic that a party cannot provide what it does not possess. A party cannot be compelled to produce document that it does not have in its possession, custody, or control. *See EMP Indus., Inc. v. KECO Inc.*, No. 8:17-CV-869-T-02JSS, 2018 WL 7494607, at *2 (M.D. Fla. Nov. 28, 2018) (Judge Sneed) (*citing Thermoset Corp. v. Bldg. Materials Corp. of Am.*, No. 14-60268-CIV, 2014 WL 6473232, at *5 (S.D. Fla. Nov. 18, 2014)). There simply are no more documents to be produced pursuant to the subject requests.

Plaintiffs' have been dragging their feet in the discovery process. Their lawyers continually claim that they are hoping to find some evidence through discovery to support their claims; however, they have failed to diligently pursue that discovery.

Moreover, in their Motion, Plaintiffs have not advised this Court of any additional discovery that needs to be taken other than the Defendants' depositions

-- which are already scheduled.

## CONCLUSION

No basis has been given for a 45-day extension of the discovery deadline. Plaintiffs have not acted diligently or shown good cause. Discovery should conclude on February 14, 2024, pursuant to this Court's Order of May 5, 2023 (Doc. 34).

## LOCAL RULE 3.01 CERTIFICATION

In their Local Rule 3.01 Certification, Plaintiffs again misrepresent facts. Their local counsel, Bart Valdes contacted the undersigned on November 10, 2023. The undersigned returned Mr. Valdes' call on November 13, 2023, but he was unavailable. The undersigned and Mr. Valdes spoke on November 14, 2023. The undersigned asked Mr. Valdes what the basis for extending the discovery deadline was. Mr. Valdes did not state a reason for extending the discovery deadline.

On November 15, the undersigned sent Mr. Valdes an email stating "unless there is some valid reason to extend these deadlines, Defendants will not agree."

After receiving a response from Plaintiffs stating that the reason for extending the deadline was the pending Motion to Compel and Defendants' depositions in December, the undersigned sent Plaintiffs an email stating that the discovery deadline should not be extended, but agree to the extension of other deadlines. A copy of that response is attached hereto as Exhibit "A."

/s/ *Robert E. Johnson*
Robert E. Johnson
Florida Bar No.: 342955
Michael J. Colitz, III
Florida Bar No. 164348
Emily M. Heim
Florida Bar No. 1015867
GrayRobinson, P.A.
101 E. Kennedy Boulevard
Suite 4000
Tampa, FL 33602
Telephone: (813) 273-5000
Facsimile: (813) 273-5145
Primary Email:
robert.johnson@gray-robinson.com
michael.colitz@gray-robinson.com
Secondary Email:
christine.sanders@gray-robinson.com
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 29th day of November 2023, a true and correct copy of the foregoing has been filed with the Clerk of the Court and furnished via CM/ECF to all participating recipients.

/s/ *Robert E. Johnson*
Robert E. Johnson

#52216508 v1